FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 MAR -6  P 3: 30

CLERK'S OFFICE
AT BALTIMORE

_____DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ZANDER LAMONT RICHARDSON, JR. :
#412-735
        Plaintiff         :

v.                                :        Civil Action No. JKB-14-530

WARD 1 WEST                   :
2 EAST STAFF
RN (CHARGE NURSES)           :
DOCTORS
CTPHC RIGHTS ADVISOR          :
        Defendants

## MEMORANDUM

On February 21, 2014, Zander Lamont Richardson, Jr. (hereinafter "Richardson"), currently incarcerated within the Maryland Department of Corrections and housed at North Branch Correctional Institution in Cumberland,[1] filed this civil complaint pursuant to 42 U.S.C. § 1983, alleging that unnamed staff at the Clifton T. Perkins Hospital Center (hereinafter "Perkins" or "CTPHC") improperly medicated him with the psychotropic drug Risperidone[2] from August 24, 2009 until June 2, 2010. As a result, he claims he suffers twitching, "lock[s] up," and has altered vision. ECF No. 1, p. 3.

---

[1] On April 8, 2013, plaintiff was sentenced in the Circuit Court for Baltimore City to life plus 20 years' incarceration following conviction for first-degree murder and weapons charges filed on February 12, 2009, in connection with a December 6, 2008 homicide. Plaintiff, who was represented by counsel, was at one point declared incompetent to stand trial. On August 1, 2012, he was found competent.
*See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=109043020&loc=69&detailLoc=DSK8
This court finds that despite his inartfully pled complaint, there is no requirement for appointment of a guardian to pursue the claims presented. *See* Fed. R. Civ. P. 17(c)(2).

[2] Risperidone (Risperdal) is an anti-psychotic drug prescribed to treat the symptoms of schizophrenia. It may also be used to treat episodes of mania, mixed episodes of mania and depression, or bipolar disorder. *See* http://www.nlm.nih.gov/medlineplus/druginfo/meds/a694015.html.

Richardson also complains discovery related to his criminal case and other unspecified property were lost.[3] He seeks money damages and "apology for malpractice and loss of properties: as well as injunctive relief wherein he would be provided lost discovery material related to his criminal conviction.[4] *Id.* His accompanying request for leave to proceed in forma pauperis (ECF No. 2) shall be granted.

The primary claim set forth in the complaint concerns side effects Richardson allegedly suffers as a result of psychotropic drugs administered while undergoing evaluation at Perkins, a Maryland Department of Health and Mental Hygiene facility.[5] Richardson seeks recovery for alleged medical malpractice, rather than a Fourteenth Amendment violation of rights premised on deliberate indifference to serious medical need.[6]

Mere negligence or malpractice does not rise to a constitutional level.[7] *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986). Federal courts have limited original jurisdiction and do not sit to review every claim related to

---

[3] The claim that Richardson's stab wounds went untreated by medical staff is the focus of a separate complaint and will not be addressed here. *See Richardson v. Tywoo, et al.*, Civil Action No. JKB-14-595 (D. Md.).

[4] Richardson also seeks to "[a]llow my family a[n] explanation for prejudices against me." ECF No. 1, p. 3.

[5] Richardson believes he was allergic to the medication. *Id.*

[6] Richardson was a pretrial detainee while detained at Perkins and the Baltimore City Detention Center ("BCDC"). The constitutional protections afforded a pretrial detainee as provided by the Fourteenth Amendment are co-extensive with those provided by the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "Due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992), citing *Martin v. Gentile*, 849 F. 2d 863, 870 (4th Cir. 1988).

[7] Under Maryland law, a claim of medical malpractice could proceed only after the parties complete review before the Maryland Health Claims Arbitration Board. *See* Md. Code Ann., Cts & Jud. Proc., §3-2A-01 et seq.; *see also Davison v. Sinai Hospital of Balt. Inc*, 462 F.Supp. 778, 779-81 (D. Md. 1978); *Group Health Ass'n, Inc. v. Blumenthal*, 295 Md. 104, 114 (1983). There is no demonstration that Richardson has sought or completed such review.

2

state tort claims such as medical malpractice or tortious conduct involving non-federal parties.[8] This court only has authority to review such claims if the claims are sufficient to establish federal diversity of citizenship jurisdiction. Such is not the case here.

Richardson's claim for lost personal property fares no better; sufficient due process is afforded if has access to an adequate post-deprivation remedy.[9] *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post-deprivation remedy, *see Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[10] For that reason, plaintiff's property claim cannot proceed here.

Richardson's complaint fails to state a federal claim and shall not proceed. A separate order follows.

DATED this 6 day of March, 2014.

BY THE COURT:

James K. Bredar
United States District Judge

---

[8] This court does not have original subject matter jurisdiction over such disputes. Further, there are no facts to suggest a federal question is presented pursuant to 28 U.S.C. § 1331.

[9] Richardson proceeded to trial with counsel. His complaint does not suggest that the loss of discovery material affected the outcome of his criminal case.

[10] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.